IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STANDARD PROCESS, INC.,

       Plaintiff,       ORDER

 v.

                    19-cv-710-wmc

IREK GALEEV and VITA EEP, LLC,

       Defendant.

   Plaintiff Standard Process, Inc., asserts trademark and unfair competition claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125, and state law claims for trademark infringement, unfair competition and tortious interference with contract and business relations against defendants Irek Galeev and his business Vita EEP, LLC, which is a storefront on www.amazon.com. (Compl. (dkt. #1).) Defendants failed to answer or otherwise respond to plaintiff's complaint, resulting in the court entering default against defendants. (Dkt. #11.) Now before the court is plaintiff's motion for a permanent injunction and default judgment. (Dkt. #13.) On March 10, 2020, the court held a hearing on plaintiff's motion at which plaintiff appeared by counsel and defendants failed to appear.

   With default having already been entered against defendants, the court accepts as true all of the factual allegations in the complaint, except those relating to the relief plaintiff seeks. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Plaintiff sets forth in great detail its factual basis for entry of a permanent injunction. (Pl.'s Proposed Findings of Fact & Law (dkt. #15).) Without recounting them here, the court accepts those facts as true, and finds that the Lanham Act and Wisconsin state law provides a legal basis for granting the requested relief, as well as reasonable attorney fees and costs. *See Standard Process, Inc. v.*

*AVC Infinite*, No. 18-cv-849 (W.D. Wis. Jan. 9, 2020) (dkt. #23).[1] Still, as the court explained in another Standard Process case also brought against unauthorized resellers, the court will limit some of the injunctive relief to a period of five years. *Id.* at p.16 n.2.

ORDER

IT IS ORDERED that::

1) Plaintiff's motion for preliminary injunction and default judgment (dkt. #13) is GRANTED.

2) The clerk's office is directed to enter final judgment as follows:

Defendants and any of their employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by defendants are:

    a) ENJOINED for five years from:

        i. advertising or selling all Standard Process Products or products bearing the Standard Process Trademarks through any Amazon storefront, including, but not limited to, the Amazon storefront currently named "Vita EEP, LLC";

        ii. advertising or selling, via the Internet, all Standard Process products or products bearing the Standard Process Trademarks;

        iii. using any of the Standard Process Trademarks in any manner, including

---

[1] *See* 15 U.S.C. § 1117(a) (authorizing an award of attorney's fees in "exceptional cases"); Wis. Stat. § 100.18(11)(b)2 (authorizing an award of "reasonable attorney fees"); *see also Epic Sys. Corp. v. Silver*, No. 13-CV-355-WMC, 2014 WL 2694051, at *2 (W.D. Wis. June 13, 2014) ("[D]efendant's default and his apparent utter disregard for Epic's intellectual property rights make this an 'exceptional case' under 15 U.S.C. § 1117, justifying an award of Epic's attorney's fees and costs in this litigation.").

advertising on the Internet;

    iv. importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Standard Process Products, as well as any products bearing any of the Standard Process Trademarks;

    v. disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Standard Process Trademarks, including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

b) PERMANENTLY ENJOINED FROM:

    i. purchasing for resale any Standard Process products or products bearing the Standard Process Trademarks from an Authorized Reseller or any other entity the Enjoined Parties have reason to believe is contractually prevented from selling to a reseller; and

    ii. selling any Standard Process products or products bearing the Standard Process Trademarks unless still in its original packaging at least six months from its designated expiration date, and otherwise in reasonable compliance with Standard Process's quality controls.

c) In addition, defendants SHALL:

    i. take all action to remove from the Enjoined Parties' websites or

storefronts any reference to any of Standard Process Products, or any of the Standard Process Trademarks;

 ii. take all action, including but not limited to, requesting Internet search engines (such as Google, Yahoo!, and Bing) to remove from the Internet any of the Standard Process Trademarks, which associate Standard Process Products or the Standard Process Trademarks with the Enjoined Parties or the Enjoined Parties' websites or storefronts; and

 iii. take all action to remove unauthorized Standard Process Trademarks from the Internet, including from Amazon.

3) Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order is binding upon the following persons who receive actual notice of it: the parties, the parties' officers, agents, servants, employees, and attorneys.

4) Both the Lanham Act and Wis. Stat. § 100.18 have fee shifting provisions. As such, plaintiff remains free to seek reimbursement of its reasonable fees and costs of litigation. In filing such a request, plaintiff's counsel should include their time records and proof of payment of invoices.

5) This court shall retain subject matter jurisdiction for the purpose of enforcing and/or adjudicating claims for violation of this Final Judgment and Permanent Injunction. Any such matters shall be raised by noticed motion.

Entered this 10th day of March, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge