IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| STANDARD PROCESS INC., a Wisconsin Corporation, | Case No: 3:19-cv-00710 |
| Plaintiff, | Judge William M. Conley |
| v. | |
| IREK GALEEV, et al., | Magistrate Judge Stephen L. Crocker |
| Defendants. | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES, COSTS, AND EXPENSES**

Plaintiff, Standard Process, Inc. ("Standard Process"), submits this Brief in Support of its Motion for Attorneys' Fees, Costs, and Expenses. Pursuant to Fed. R. Civ. P. 54 and 15 U.S.C. ¶ 1117(a), Standard Process requests that this Court order Defendants Irek Galeev ("Galeev") and Vita EEP, LLC ("Vita EEP") (collectively, "Defendants") pay Standard Process' attorneys' fees, costs, and expenses incurred in prosecuting this action in the amount of $19,044.56.

**I.     INTRODUCTION**

Standard Process has prevailed in this action. The Court entered default judgment against Defendants for trademark infringement and unfair competition under the Lanham Act, and for common law trademark infringement and unfair competition under Wisconsin law. As established in this Court's order granting default judgment, Defendants utterly disregarded Standard Process's intellectual property rights in this exceptional case. Thus, this Court should grant Standard Process attorneys' fees, costs, and expenses in the amount requested herein.

1

## II.	FACTUAL BACKGROUND

### A.	Procedural Background.

On August 30, 2019, Standard Process brought this action against Defendants Irek Galeev ("Galeev") and Vita EEP, LLC ("Vita EEP") (collectively "Defendants") for Defendants' sale of unauthorized and non-genuine, materially different goods through Defendants' "Vita EEP LLC" storefront on www.Amazon.com.  Standard Process brought federal claims under the Lanham Act for trademark infringement in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125 and for unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).  *See* Compl., Doc. 1, ¶¶ 177-217.  Standard Process also brought claims under Wisconsin common law for trademark infringement and unfair competition, among other claims.  *See id*. ¶¶ 218-257.  The Complaint also alleged that Defendants have acted maliciously against Standard Process. *See id*. ¶¶ 196, 217, 238, 257.  The Complaint specifically sought attorneys' fees.  *See id*. ¶¶ 196, 217 and Prayer for Relief ¶ C.

On March 10, 2020, this Court granted Standard Process's motion for default judgment and preliminary injunction.  *See* Doc. 22, Order ("Order").  Other than allegations related to damages, the Court accepted all Standard Process's factual allegations as true.  *See* Order at 1.  The Court further found that these facts properly alleged a basis for reasonably attorneys' fees under the Lanham Act.  *See id*. at 1-2.[1]

---

[1] Standard Process does not seek fees based on the Wisconsin Deceptive Trade Practices Act.  In preparing this motion, Standard Process discovered that it inadvertently mischaracterized one discrete section in its Proposed Findings of Fact and Conclusions of Law (the "Proposed Findings") that Standard Process seeks to correct here.  In paragraphs 41-46, the Proposed Findings mistakenly discuss allegations regarding the Wisconsin Deceptive Trade Practices Act.  Although the underlying factual allegations in this section concerning Defendants' false and deceptive representations are contained within the four corners of the Complaint, the Complaint does not contain an enumerated Cause of Action for this statutory violation.  As such, Standard Process does not seek fees based on that Wisconsin statute.

**B.     Factual Background**

Since Standard Process filed the Complaint on August 30, 2019, its counsel has undertaken 47.85 hours of work in prosecuting this case for which it seeks recovery. *See* Declaration of William D. Kloss, Jr. filed herewith ("Kloss Decl.") ¶ 5. This includes time spent arranging for service on defendants, analyzing communications with defendants who refused to participate in this action, strategizing and preparing a motion for default judgment and related filings, investigation efforts related to Standard Process's settlement discussions with Defendants, preparing for enforcement of Standard Process's requested injunctive relief, and preparing this motion for attorneys' fees. *See id*. ¶ 11. Standard Process also seeks the time counsel spent preparing a settlement agreement in reliance on Defendants' representations of good faith negotiations, which Defendants rejected. *See id*. ¶ 12. Counsel did so in an effort to minimize the expense required to obtain a just resolution **and because of a request to resolve this matter by Defendants (a request that Defendants subsequently abandoned)**. *See id*. Defendants' lack of good-faith engagement of this litigation is responsible for inducing these settlement efforts. *See id*.[2]

In total, Standard Process seeks an award of $19,044.56, including $18,837.93 in attorneys' fees and $206.63 in other costs and expenses. *See id*. ¶ 4. The Vorys firm has billed $12,041.18 in legal fees and $156.63 in costs and expenses incurred from September 2019 through February 2020. *See id*. ¶ 6 and Ex. 1. Standard Process seeks only the fees incurred by Vorys and does not seek time billed by local counsel Husch Blackwell LLP so as not to appear to request any duplicative time. *See id*. ¶ 2. Standard Process also seeks $6,796.75 in attorneys'

---

[2] Although Standard Process also incurred substantial fees in investigating defendants and preparing the complaint, it does not seek those here. Those actions were recorded in a different matter number than this litigation and may use descriptions that the court could find ambiguous. Standard Process submits only time easily and unambiguously undertaken in this litigation for ease of this Court's review. *See id*. ¶ 13.

3

fees and $49.50 in other costs and expenses from March 2020, for which bills have not yet been sent. *See id*. ¶ 8 and Ex. 2.

The blended hourly rate used by Vorys professionals in this action is $393.68. *See id*. ¶ 5. This includes an average associate hourly rate of $335.43 and an average partner hourly rate of $595.03. *See id*. ¶ 15.

The rates used by counsel are within the standards for similarly situated attorneys for intellectual property litigation in Ohio and the Western District of Wisconsin. *See id*. ¶ 24; Declaration of Ann M. Maher filed herewith ("Maher Decl.") ¶ 7. They are also commensurate with the rates typically charged by Vorys attorneys in other matters. *See* Kloss Decl. ¶ 25. Indeed, the average rate billed by consumer law attorneys in Wisconsin is $350, and the average rate for various regional areas of the state range from $350 to $400. *See* United States Consumer Law Attorney Fee Survey Report 2017-2018 (October 2019) at https://burdgelaw.com/wp-content/uploads/2019/10/US-Consumer-Law-Attorney-Fee-Survey-Report-2017-2018.pdf at 182.

**III.   LAW AND ARGUMENT**

    **A.   This Court Should Award Standard Process Its Attorneys' Fees.**

This court has held that the allegations in the Complaint "provide[] a legal basis for granting . . . reasonable attorney fees and costs" under the Lanham Act. *See* Doc. 22, Order at 2-3 (citing *Standard Process, Inc. v. AVC Infinite*, No. 18-cv-849 (W.D. Wis. Jan. 9, 2020), Doc. 23 (the "*AVC* Order")). In particular, the Lanham Act authorizes attorneys' fees to prevailing parties in "exceptional cases." *See* 15 U.S.C. ¶ 1117(a). A defendant's default and "apparent utter disregard for [a plaintiff's] intellectual property rights" constitutes an "exceptional case" under the Lanham Act that warrants an award of attorneys' fees and costs to a plaintiff. *AVC* Order at 20

(quoting *Epic Sys. Corp. v. Silver*, No. 13-cv-355-WMC, 2014 U.S. Dist. LEXIS 80640, at *4-5 (W.D. Wis. June 12, 2014)).

Here, an award of attorneys' fees is appropriate. Standard Process is the prevailing party in its claims for trademark infringement in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125 and for unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A). *See generally* Order, Doc. 22. As detailed in the order, defendants have defaulted, and their refusal to participate in the action constitutes their latest act of "utter disregard for [Standard Process's] intellectual property rights." *See AVC* Order at 20. Thus, this constitutes an "exceptional case" warranting payment of attorneys' fees. *See id.* (citing *Epic Sys. Corp.*, 2014 U.S. Dist. LEXIS at *4-5).

### B. Standard Process's Attorneys' Fees and Costs Are Reasonable.

Calculation of a reasonable fee award begins with the familiar "lodestar" calculation required by *Hensely v. Eckerhart*, 461 U.S. 424, 433-434 (1983), whereby the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Gusman v. Unisys Corp.*, 986 F.2d 1146 (7th Cir. 1993). In a properly functioning market, a reasonable fee should approximate the market rate in the relevant community. *Jardien v. Winston Network, Inc.*, 888 F.2d 1151, 1159 (7th Cir. 1989). Where counsel charges its standard rates, they are presumptively reasonable. *See People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996).

#### 1. The hourly rates are reasonable.

The hourly rates used by counsel are reasonable based on (i) the standard Vorys rates (ii) the lodestar fee for federal cases in Madison, Wisconsin, (iii) the complexity of issues and work involved in this matter, and (iv) the results obtained. Standard Process's fee request is reasonable. The rates paid are the standard Vorys rates and are reasonable rates in Ohio for trademark litigation. *See* Kloss Decl. ¶¶ 16-24. The rates are also typical for complex consumer

protection and trademark litigation in the Madison, Wisconsin, market. *See* Maher Decl. ¶ 7. For instance, $360 per hour was found to be a reasonable rate in a recent intellectual property action in this Court also involving the Husch Blackwell firm, local counsel to Standard Process. *See Datacarrier S.A. v. Woccu Services Group, Inc.,* No. 16-cv-122-jdp, 2018 U.S. Dist. LEXIS 106090, at *9-10 (W.D. Wis. June 25, 2018); *see also Moffat v. Academy*, 15-cv-686-jdp, 2017 U.S. Dist. LEXIS 152489, at *12-14 (W .D. Wis. Sept. 20, 2017) (awarding fees as reasonable); *Moffat v. Academy*, 15-cv-686-jdp, (W.D. Wis.), Doc. 93 at 16 (submitting blended hourly rate of $312.34). Furthermore, this litigation involved the application of the novel material difference exception to the Lanham Act's first sale doctrine. *See generally* Compl. This involves a discrete set of legal knowledge and practices in which Vorys specializes to help its clients protect their trademark rights. *See* Kloss Decl. ¶¶ 16-20; *see also* Maher Decl. ¶ 6. Finally, Standard Process obtained a broad injunction against defendants to prohibit their infringing sales and to protect the Standard Process brand. Accordingly, the hours for which Standard Process seeks its fees are reasonable.

    **2.  The hours spent were reasonable.`**

The number of hours expended by counsel in its successful prosecution of Standard Process's claims is also reasonable. To successfully obtain judgment and injunctive relief against Defendants, Standard Process had to arrange service on Defendants, analyze communications with Defendants who refused to participate in this action, strategize and prepare a motion for default judgment and related filings, and investigate Defendants' infringing sales to aid Standard Process's settlement discussions with Defendants and in preparation for enforcing Standard Process's requested injunctive relief. *See* Kloss Decl. ¶¶ 11-12 and Ex. 1. Standard Process also undertook good-faith settlement negotiations with Defendants in an attempt to minimize

expenses to reach a just resolution. *See id.* ¶ 12 and Ex. 1. Furthermore, after this Court held that the Complaint alleged a basis for attorneys' fees, the Vorys firm incurred $5,759 through March 23, 2020, in preparing the present motion. *See id.* ¶ 8 and Ex. 2.

Vorys has sought to ensure that hours for which it seeks reimbursement are fair. As such, Vorys has eliminated any time that the Court could construe as duplicative or for which the relevance of the work to this litigation may not be clear to the Court. *See id.* ¶¶ 2, 7, 13. Vorys has also diligently made professional adjustments to its bills as deemed necessary. *See id.* ¶ 7. These costs are not sought in this motion. *See id.*

### IV.    CONCLUSION

For the foregoing reasons, consistent with this Court's prior Order recognizing Standard Process's valid basis for bringing this motion, this Court should grant Standard Process its motion to award Standard Process $19,044.56 in attorneys' fees, costs, and expenses in prevailing in this action.

Respectfully submitted,

*/s/ Ann M. Maher*
Ann M. Maher
Husch Blackwell LLP
555 East Wells Street
Suite 1900
Milwaukee, WI 53202-3819
Telephone: (414) 978-5410
Facsimile: (414) 223-5000
Email: ann.maher@huschblackwell.com

William D. Kloss, Jr. (Ohio Bar. No. 0040854)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
Phone: (614) 464-6334
Facsimile: (614) 719-5072
Email: wdklossjr@vorys.com

*Counsel for Plaintiff Standard Process Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Court on March 25, 2020. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

A copy of this filing has also been sent to the following via U.S. Mail and email:

Irek Galveev
210 174th Street
Apt. 1501
Sunny Isles Beach, FL 33160
irek.galeev@gmail.com

Vita EEP, LLC
c/o Irek Galeev
900 N Federal Highway
Office 306
Hallandale Beach, FL 33009
irek.galeev@gmail.com

                                             */s/ Ann M. Maher*
                                             Ann M. Maher